IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PROGNOSYS BIOSCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NANOSTRING TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 21-cv-653-MN |

**STIPULATION AND ORDER REGARDING DISCOVERY,
INCLUDING ELECTRONICALLY STORED INFORMATION ("ESI")**

**1.   General Provisions**

    **a.**    **Cooperation.**  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

    **b.**    **Proportionality**.  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]  This includes identifying appropriate limits to discovery, including limits on custodians, identification of

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

      **c.**      **Preservation of Discoverable Information**.  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

      (i)      Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

      (ii)      Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

      **d.**      **Privilege.**

      (i)      The parties will serve privilege logs for documents responsive to requests for production that are withheld for privilege or other immunities. The log of withheld documents shall be due 30 days after service of the document production from which the documents were withheld. The privilege log shall identify for each withheld document:  all senders/authors and recipients; the date of authorship or transmission; the subject(s) of the withheld information; the basis of the privilege (e.g., attorney-client privilege); and any attorney authors or recipients along with their affiliations.

      (ii)      With respect to information generated after the filing of the May 6, 2021, complaint, parties are not required to include any such information in privilege logs.

    (iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    (iv) Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

**2.** **Initial Discovery Conference.**

 **a.** **Timing**. Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at the initial discovery conference (the "Initial Discovery Conference") pursuant to Fed. R. Civ. P. 26(f), which shall take place before the Fed. R. Civ. P. 16 scheduling conference ("Rule 16 Conference").

 **b.** **Content.** The parties shall discuss the following:

    (i) The issues, claims and defenses asserted in the case that define the scope of discovery.

    (ii) The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper files, email, databases, servers, etc.).

    (iii) Technical information, including the exchange of production formats.

    (iv) The existence and handling of privileged information.

    (v) The categories of ESI that should be preserved.

3.  **Initial Disclosures**.  By no later than December 3, each party shall disclose:

    a.  **Custodians**.  The eight (8) custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

    b.  **Non-custodial data sources**.[2]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

    c.  **Notice**.  The parties shall identify any issues relating to:

        (i)  Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

        (ii)  Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

        (iii)  Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

4.  **Specific E-Discovery Issues.**

    a.  **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    b.  **Search methodology.**  In certain circumstances (e.g., email discovery), it may be appropriate to use search terms to locate potentially responsive ESI. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose to the requesting party the search terms, ESI sources, and discovery requests for which it is using such search terms, and the requesting party may object to the appropriateness of using search terms for such ESI sources and discovery requests and raise that issue with the Court. Absent a showing of good cause and/or where the Court has deemed in response to a raised dispute that search terms are not appropriate in the specific circumstance, a requesting party may request no more than 10 additional terms to be used in connection with the producing party's search-term based electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The parties will confer in good faith to develop additional agreed protocols for ESI search. In any case, the parties reserve rights to seek additional limits on keywords if the requesting party's proposed search terms are insufficiently focused. Documents hitting on search term may be reviewed for responsiveness in accordance with the producing party's served objections to requests for production. Documents identified through search terms that are responsive but withheld for privilege or other immunity are subject to the logging requirements of paragraph 1(d) The producing party shall search (i) the non-custodial data sources identified in accordance with

paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

      **c.**    **Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

      **d.**    **Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

      **e.**    **Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, and File Extension. Database load files shall also include the following generated production data (or equivalents thereof): Control Number Begin, Control Number End, Attachment Range, Attachment Begin, Attachment End, and Confidentiality.

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Non-published/non-public videoconference recordings. For clarity, recordings of public webinars or presentations or other recordings made available to the public are not subject to this exclusion.

8. Instant messages that are not ordinarily printed, e.g., Slack or similar direct message and message boards, or maintained in a server dedicated to instant messaging.

9. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

10. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

11. Logs of calls made from mobile devices.

12. Server, system or network logs.

13. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

14. Data remaining from systems no longer in use that is unintelligible on the systems in use.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| *Of Counsel*: | RICHARDS, LAYTON & FINGER, P.A. |
| TENSEGRITY LAW GROUP LLP | */s/ Jason J. Rawnsley* |
| | Frederick L. Cottrell, III (#2555) |
| Matthew Powers | Jason J. Rawnsley (#5379) |
| Paul Ehrlich | Alexandra M. Ewing (#6407) |
| Stefani Smith | Richards, Layton & Finger, P.A. |
| 555 Twin Dolphin Drive | 920 North King Street |
| Suite 650 | Wilmington, DE 19801 |
| Redwood Shores, CA 94065 | (302) 651-7700 |
| Tel: (650) 802-6000 | cottrell@rlf.com |
| | rawnsley@rlf.com |
| Samantha Jameson | ewing@rlf.com |
| Kiley White | |
| 8260 Greensboro Dr. | *Attorneys for Plaintiffs* |
| Suite 260 | |
| McLean, VA 22102-3848 | |
| Tel: (650) 802-6000 | |

10x_NSTG_Service@tensegritylawgroup.com

Dated: November 12, 2021

| | |
|---|---|
| *Of Counsel:* | FARNAN LLP |
| WEIL, GOTSHAL & MANGES LLP | */s/ Brian E. Farnan* |
| | Brian E. Farnan (Bar No. 4089) |
| Edward R. Reines | Michael J. Farnan (Bar No. 5165) |
| Derek C. Walter | 919 N. Market St., 12th Floor |
| Kaitlin Paulson | Wilmington, DE 19801 |
| Concord Cheung | (302) 777-0300 |
| 201 Redwood Shores Parkway | (302) 777-0301 (Fax) |
| Redwood Shores, CA 94065 | bfarnan@farnanlaw.com |
| (650) 802-3000 | mfarnan@farnanlaw.com |
| Nanostring.10X@weil.com | *Attorneys for Defendant* |

Dated: November 12, 2021

IT IS SO ORDERED this 15th day of November 2021

**The Honorable Maryellen Noreika**
United States District Judge

9