**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC., and PROGNOSYS BIOSCIENCES, INC.          ) | |
|         ) | |
|         ) | |
| Plaintiffs,         ) | C.A. No. 21-653-MN |
|         ) | |
| v.         ) | |
|         ) | **JURY TRIAL DEMANDED** |
| NANOSTRING TECHNOLOGIES, INC.,         ) | |
|         ) | |
| Defendants.         ) | |
|         ) | |
|         ) | |

**NANOSTRING'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant NanoString Technologies, Inc. ("NanoString"), answers and responds to each of the allegations in the First Amended Complaint ("FAC") of Plaintiffs 10x Genomics, Inc. ("10x") and Prognosys Biosciences, Inc. ("Prognosys") (collectively "Plaintiffs"). Unless expressly admitted, NanoString denies each and every allegation in Plaintiffs' FAC. To the extent the allegations in the FAC purport to characterize the nature or contents of the Exhibits to the FAC, NanoString lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them. Additionally, to the extent that the headings or any other non-numbered statements in the FAC contain any allegations, NanoString denies each and every such allegation.

**NATURE OF THE ACTION**

1.     NanoString admits that the FAC purports to state a claim for patent infringement of United States Patent Nos. 10,472,669 (the "'669 Patent"); 10,662,467 (the "'467 Patent"); 10,961,566 (the "'566 Patent"); 10,983,113 (the "'113 Patent"); 10,996,219 (the "'219 Patent"); 11,001,878 (the "'878 Patent"); and 11,008,607 (the "'607 Patent") (collectively, the "Asserted

Patents"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq.  Except as so admitted, NanoString denies any remaining allegations in paragraph 1.

## THE PARTIES

2.      Admitted

3.      Denied.

4.      NanoString admits that Prognosys is a Delaware corporation, but denies that Prognosys continues to have a principal place of business.  NanoString lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 4 and on that basis denies them.

5.      NanoString admits that it is a Delaware Corporation with its principal place of business is located in Seattle, WA.  Except as so admitted, NanoString denies any remaining allegations in paragraph 5.

6.      Denied.

## JURISDICTION AND VENUE

7.      NanoString incorporates by reference and restates its responses to paragraphs 1–6 of the FAC as though fully set forth herein.

8.      NanoString admits that the FAC purports to state a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C §§ 271, et seq.  NanoString further admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      NanoString admits that it is an entity organized under the laws of Delaware and that venue is proper in this District.  Except as so admitted, NanoString denies any remaining allegations of paragraph 9.

## BACKGROUND

**A.      Response to Allegations Regarding 10x's Alleged Product Commercialization**

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

14.      Denied.

**B.      Response to Allegations Regarding NanoString's Products**

15.      NanoString admits that in 2019 it issued a press release announcing the GeoMx DSP product.  Except as so admitted, NanoString denies any remaining allegations of paragraph 15.

16.      NanoString admits that paragraph 16 of the FAC accurately quotes a portion of NanoString's website.  Paragraph 16 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 16.

17.      NanoString admits that paragraph 17 of the FAC accurately quotes a portion of NanoString's website.  Paragraph 17 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 17.

18.      NanoString admits that paragraph 18 of the FAC accurately quotes a portion of NanoString's website.  Paragraph 18 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 18.

19.     NanoString admits that paragraph 19 of the FAC accurately quotes a portion of NanoString's website.   Paragraph 19 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 19.

### C.     Response To Allegations Regarding The Patents-in-Suit

20.     Denied.

21.     NanoString admits that, on its face, the '669 Patent states that it was issued on November 12, 2019, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 21.

22.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 and on that basis denies them.

23.     NanoString admits that, on its face, the '467 Patent states that it was issued on May 26, 2020, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 23.

24.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 and on that basis denies them.

25.     NanoString admits that, on its face, the '566 Patent states that it was issued on March 30, 2021, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 25.

26.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 and on that basis denies them.

27.     NanoString admits that, on its face, the '113 Patent states that it was issued on April 20, 2021, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 27.

28.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 and on that basis denies them.

29.     NanoString admits that, on its face, the '219 Patent states that it was issued on May 4, 2021, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 29.

30.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 and on that basis denies them.

31.     NanoString admits that, on its face, the '878 Patent states that it was issued on May 11, 2021, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 31.

32.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 and on that basis denies them.

33.     NanoString admits that, on its face, the '607 Patent states that it was issued on May 18, 2021, and that the named inventor is Mark Chee. Except as so admitted, NanoString denies any remaining allegations of paragraph 33.

34.     NanoString lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 and on that basis denies them.

35.     Denied.

## COUNT I

36.     NanoString incorporates and restates by reference its responses to paragraphs 1–35 of the FAC as though fully set forth herein.

37.     NanoString admits that it markets certain products under the tradename GeoMx DSP. Paragraph 37 of the FAC further includes allegations that purport to characterize technical

aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 37.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## **COUNT II**

45.     NanoString incorporates and restates by reference its responses to paragraphs 1–44 of the FAC as though fully set forth herein.

46.     NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 46 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 46.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied

## COUNT III

54.     NanoString incorporates and restates by reference its responses to paragraphs 1–53 of the FAC as though fully set forth herein.

55.     NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 55 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 55.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## COUNT IV

63.     NanoString incorporates and restates by reference its responses to paragraphs 1–62 of the FAC as though fully set forth herein.

64.     NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 64 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 64.

65.     Denied.

66.     Denied.

67.     Denied.

68.  Denied.

69.  Denied.

70.  Denied.

71.  Denied.

## COUNT V

72.  NanoString incorporates and restates by reference its responses to paragraphs 1–71 of the FAC as though fully set forth herein.

73.  NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 73 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 73.

74.  Denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Denied.

79.  Denied.

80.  Denied.

## COUNT VI

81.  NanoString incorporates and restates by reference its responses to paragraphs 1–80 of the FAC as though fully set forth herein.

82.  NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 82 of the FAC further includes allegations that purport to characterize technical

aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 82.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

## COUNT VII

90.    NanoString incorporates and restates by reference its responses to paragraphs 1–89 of the FAC as though fully set forth herein.

91.    NanoString admits that it markets certain products under the tradename GeoMx DSP.  Paragraph 91 of the FAC further includes allegations that purport to characterize technical aspects of NanoString's products in a manner that is vague, ambiguous, and incomplete, and on that basis NanoString denies the remaining allegations of paragraph 91.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

## PRAYER FOR RELIEF

NanoString denies that Plaintiffs are entitled to any relief whatsoever, including the relief stated in paragraph A through H, from either NanoString or the Court.  Plaintiffs' prayer for relief should be denied in its entirety.

## AFFIRMATIVE DEFENSES

NanoString hereby sets forth defenses to the FAC in order to place Plaintiffs on notice regarding applicable defenses.  By listing any matter as a defense herein, NanoString does not assume the burden of proving any matter upon which Plaintiffs, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE – NON-INFRINGEMENT

1.      NanoString has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

2.      For example, as described therein, when properly construed, the claims of the Asserted Patents require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample and therefore do not infringe any claims of the Asserted Patents.

## SECOND DEFENSE – INVALIDITY

3.      The asserted claims of the Asserted Patents are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§

101, 102, 103, 112 et seq., and the rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

4.     For example, the asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent App. Pub. No. 2011/0275077 ("James"), alone or in combination with additional prior art, including U.S. Patent App. Pub. No. 2005/019678 ("Levy"), Lemaire et al., Tag-Mass: Specific Molecular Imaging of Transcriptome and Proteome by Mass Spectrometry Based on Photocleavable Tag, 6 Journal of Proteome Research 2057 (2007) ("Lemaire"), or U.S. Patent No. 9,399,795 ("Chee"), which disclose and/or render obvious all elements of the claims of the Asserted Patents.

5.     Furthermore, the Asserted Patents are not entitled to a priority date earlier than their actual filing dates—May 2, 2019 for the '669 Patent; Feb. 14, 2019 for the '467 Patent; Aug. 7, 2020 for the '566 Patent; Apr. 1, 2020 for the '113 Patent; Jun. 7, 2019 for the '219 Patent; Jan. 8, 2021 for the '878 Patent; and Nov. 13, 2020 for the '607 Patent—because the earlier filed applications that the Asserted Patents claim priority to do not comply with the requirements of 35 U.S.C. § 112, as required by 35 U.S.C. § 119 and 120.

6.     For example, none of the earlier-filed applications contain a written description of the claims of the Asserted Patents or contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims of the Asserted Patents.

7.     Moreover, none of the earlier-filed applications disclose subject matter corresponding to the claims of the Asserted Patents, which recite processes that the named inventor did not invent.

8.     Because the Asserted Patents are not entitled to a priority date earlier than their actual filing dates, all asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102

11

and/or 103 in view of Konry et al., Ultrasensitive Detection of Low-Abundance Surface-Marker Protein using Isothermal Rolling Circle Amplification in Microfluidic Nano-Liter Platform, 7 Small 395 (2011) ("Konry") alone or in combination with any of James, Lemaire, Levy, and/or Chee.

9.      All claims of the Asserted Patents are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112.  For example, the specifications of the Asserted Patents fail to demonstrate that the named inventor was in possession of a process that did not include the targeted delivery of reagents, as Plaintiffs contend the asserted claims encompass.  *See, e.g.*, '669 Patent at 16:1-3; '467 Patent at 16:8-10; '566 Patent at 16:11-13; '113 Patent at 16:21-23; '219 Patent at 16:13-15; '878 Patent at 16:13-15; '607 Patent at 16:13-15.

<u>**THIRD DEFENSE – 35 U.S.C § 287**</u>

10.     Plaintiffs' patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

<u>**FOURTH DEFENSE – ADEQUATE REMEDY AT LAW**</u>

11.     Plaintiffs have an adequate remedy at law and the alleged injury to Plaintiffs is not immediate or irreparable.  Accordingly, Plaintiffs are not entitled to injunctive relief even if it were able to establish liability.

<u>**FIFTH DEFENSE – NO EXCEPTIONAL CASE**</u>

12.     NanoString has not engaged in any conduct that would make this an exceptional case or that would entitle Plaintiffs to an award of attorneys' fees.

<u>**SIXTH DEFENSE – FAILURE TO STATE A CLAIM**</u>

13.     Plaintiffs' FAC fails to state a claim upon which relief may be granted.

## NANOSTRING'S COUNTERCLAIMS AGAINST PLAINTIFFS

In support of its counterclaims against Plaintiffs, NanoString alleges as follows:

## NATURE OF THE ACTION

1.      In response to Plaintiffs' allegations in the FAC, NanoString seeks a declaratory judgment that it has not infringed the Asserted Patents and that the Asserted Patents are invalid, arising under the Patent Laws of the United States 35 U.S.C. § 271 *et seq.*

## THE PARTIES

2.      Plaintiff 10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.      Plaintiff Prognosys is a Delaware corporation.

4.      NanoString is a Delaware corporation with its principal place of business at 530 Fairview Ave. N, Seattle, WA 98109.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over NanoString's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201 & 2202.

6.      The Court has personal jurisdiction over Plaintiffs because Plaintiffs are Delaware corporations and consented to jurisdiction in this District by filing their original complaint and FAC in this action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Plaintiffs are Delaware corporations and have consented to this venue by filing their original complaint and FAC in this action.

## FIRST COUNT

## (Declaration of Non-Infringement of U.S. Patent No. 10,472,669)

8.      NanoString incorporates by references and restates the preceding Paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9.      Plaintiffs have brought an action asserting the '669 Patent against NanoString.

10.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '669 Patent.

11.     Plaintiff 10x has alleged that it is the exclusive licensee of the '669 Patent.

12.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '669 Patent.

13.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '669 Patent.

14.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '669 Patent.

15.     For example, as described therein, when properly construed, the '669 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample and therefore do not infringe any claims of the '669 Patent.

16.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '669 Patent.

17.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,662,467)

18.     NanoString incorporates by references and restates the preceding Paragraphs 1-17 of its Counterclaims as though fully set forth herein.

19.     Plaintiffs have brought an action asserting the '467 Patent against NanoString.

20.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '467 Patent.

21.     Plaintiff 10x has alleged that it is the exclusive licensee of the '467 Patent.

22.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '467 Patent.

23.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '467 Patent.

24.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '467 Patent.

25.     For example, as described therein, when properly construed, the '467 Patent claims require the targeted application of reagents to a tissue.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '467 Patent.

26.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '467 Patent.

27.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRD COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,472,566)

28.     NanoString incorporates by references and restates the preceding Paragraphs 1-27 of its Counterclaims as though fully set forth herein.

29.     Plaintiffs have brought an action asserting the '566 Patent against NanoString.

30.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '566 Patent.

31.     Plaintiff 10x has alleged that it is the exclusive licensee of the '566 Patent.

32.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '566 Patent.

33.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '566 Patent.

34.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '566 Patent.

35.     For example, as described therein, when properly construed, the '566 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '566 Patent.

36.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '566 Patent.

37.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**FOURTH COUNT**

**(Declaration of Non-Infringement of U.S. Patent No. 10,983,113)**

38.     NanoString incorporates by references and restates the preceding Paragraphs 1-37 of its Counterclaims as though fully set forth herein.

39.     Plaintiffs have brought an action asserting the '113 Patent against NanoString.

40.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '113 Patent.

41.     Plaintiff 10x has alleged that it is the exclusive licensee of the '113 Patent.

42.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '113 Patent.

43.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '113 Patent.

44.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '113 Patent.

45.     For example, as described therein, when properly construed, the '113 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '113 Patent.

46.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '113 Patent.

47.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FIFTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,996,219)

48.     NanoString incorporates by references and restates the preceding Paragraphs 1-47 of its Counterclaims as though fully set forth herein.

49.     Plaintiffs have brought an action asserting the '219 Patent against NanoString.

50.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '219 Patent.

51.     Plaintiff 10x has alleged that it is the exclusive licensee of the '219 Patent.

52.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '219 Patent.

53.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '219 Patent.

54.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '219 Patent.

55.     For example, as described therein, when properly construed, the '219 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '219 Patent.

56.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '219 Patent.

57.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SIXTH COUNT

## (Declaration of Non-Infringement of U.S. Patent No. 11,001,878)

58.     NanoString incorporates by references and restates the preceding Paragraphs 1-57 of its Counterclaims as though fully set forth herein.

59.     Plaintiffs have brought an action asserting the '878 Patent against NanoString.

60.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '878 Patent.

61.     Plaintiff 10x has alleged that it is the exclusive licensee of the '878 Patent.

62.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '878 Patent.

63.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '878 Patent.

64.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '878 Patent.

65.     For example, as described therein, when properly construed, the '878 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '878 Patent.

66.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '878 Patent.

67.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

19

## SEVENTH COUNT

## (Declaration of Non-Infringement of U.S. Patent No. 11,008,607)

68.     NanoString incorporates by references and restates the preceding Paragraphs 1-67 of its Counterclaims as though fully set forth herein.

69.     Plaintiffs have brought an action asserting the '607 Patent against NanoString.

70.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '607 Patent.

71.     Plaintiff 10x has alleged that it is the exclusive licensee of the '607 Patent.

72.     Plaintiffs have alleged and continue to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '607 Patent.

73.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '607 Patent.

74.     NanoString's products are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '607 Patent.

75.     For example, as described therein, when properly construed, the '607 Patent claims require the targeted application of reagents to a tissue sample.  In contrast, NanoString's GeoMx DSP, including all products, components, and related services, indiscriminately apply reagents to a tissue sample, and therefore do not infringe any claims of the '607 Patent.

76.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '607 Patent.

77.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## EIGHTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,472,669)

78.     NanoString incorporates by references and restates the preceding Paragraphs 1-77 of its Counterclaims as though fully set forth herein.

79.     Plaintiffs have brought an action asserting the '669 Patent against NanoString.

80.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '669 Patent.

81.     Plaintiff 10x has alleged that it is the exclusive license of the '669 Patent.

82.     Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '669 Patent.

83.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '669 Patent.

84.     The claims of the '669 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

85.     NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

86.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '669 Patent.

87.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## NINTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,662,467)

88.     NanoString incorporates by references and restates the preceding Paragraphs 1-87 of its Counterclaims as though fully set forth herein.

89.     Plaintiffs have brought an action asserting the '467 Patent against NanoString.

90.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '467 Patent.

91.     Plaintiff 10x has alleged that it is the exclusive license of the '467 Patent.

92.     Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '467 Patent.

93.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '467 Patent.

94.     The claims of the '467 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

95.     NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

96.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '467 Patent.

97.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **TENTH COUNT**

### **(Declaration of Invalidity of U.S. Patent No. 10,961,566)**

98.     NanoString incorporates by references and restates the preceding Paragraphs 1-97 of its Counterclaims as though fully set forth herein.

99.     Plaintiffs have brought an action asserting the '566 Patent against NanoString

100.    Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '566 Patent.

101.    Plaintiff 10x has alleged that it is the exclusive license of the '566 Patent.

102.    Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '566 Patent.

103.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '566 Patent.

104.    The claims of the '566 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

105.    NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

106.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '566 Patent.

107.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## ELEVENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,983,113)

108.   NanoString incorporates by references and restates the preceding Paragraphs 1-107 of its Counterclaims as though fully set forth herein.

109.   Plaintiffs have brought an action asserting the '113 Patent against NanoString.

110.   Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '113 Patent.

111.   Plaintiff 10x has alleged that it is the exclusive license of the '113 Patent.

112.   Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '113 Patent.

113.   An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '113 Patent.

114.   The claims of the '113 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

115.   NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

116.   By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '113 Patent.

117.   A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## TWELFTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,996,219)

118.     NanoString incorporates by references and restates the preceding Paragraphs 1-117 of its Counterclaims as though fully set forth herein.

119.     Plaintiffs have brought an action asserting the '219 Patent against NanoString.

120.     Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '219 Patent.

121.     Plaintiff 10x has alleged that it is the exclusive license of the '219 Patent.

122.     Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '219 Patent.

123.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '219 Patent.

124.     The claims of the '219 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

125.     NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

126.     By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '219 Patent.

127.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRTEENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,001,878)

128.    NanoString incorporates by references and restates the preceding Paragraphs 1-127 of its Counterclaims as though fully set forth herein.

129.    Plaintiffs have brought an action asserting the '878 Patent against NanoString.

130.    Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '878 Patent.

131.    Plaintiff 10x has alleged that it is the exclusive license of the '878 Patent.

132.    Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '878 Patent.

133.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '878 Patent.

134.    The claims of the '878 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

135.    NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

136.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '878 Patent.

137.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FOURTEENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,008,607)

138.    NanoString incorporates by references and restates the preceding Paragraphs 1-137 of its Counterclaims as though fully set forth herein.

139.    Plaintiffs have brought an action asserting the '607 Patent against NanoString.

140.    Plaintiff Prognosys has alleged that it is the legal owner by assignment of the '607 Patent.

141.    Plaintiff 10x has alleged that it is the exclusive license of the '607 Patent.

142.    Plaintiffs have alleged and continues to allege that NanoString has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '607 Patent.

143.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Plaintiffs and NanoString concerning whether NanoString has infringed and is infringing any valid and enforceable claim of the '607 Patent.

144.    The claims of the '607 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

145.    NanoString incorporates by reference and restates the preceding Paragraphs 3-9 of NanoString's Second Affirmative Defense of Invalidity as though fully set forth herein.

146.    By virtue of the foregoing, NanoString desires a judicial determination of its rights and duties with respect to any alleged infringement of the '607 Patent.

147.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' FAC and having asserted Affirmative Defenses, and Counterclaims, NanoString respectfully requests the following relief:

A.     That this Court enter judgment on Plaintiffs' FAC and NanoString's Counterclaims in favor of NanoString, against Plaintiffs, with Plaintiffs being awarded no relief of any kind in this action;

B.     That this Court enter judgment and/or declarations that NanoString does not infringe the Asserted Patents and that the Asserted Patents are invalid;

C.     That this Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding NanoString its attorneys' fees and prejudgment and post-judgment interest;

D.     That this Court award NanoString all of its costs of this action; and

E.     That this Court grant such other and further relief as the Court shall deem just and proper.

Dated: December 17, 2021

Respectfully submitted,

/s/ Michael J. Farnan
Brian Farnan (Bar No. 4089)
Michael Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St.
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted pro hac vice)
Derek C. Walter (admitted pro hac vice)
WEIL, GOTSHAL &MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650-802-3000
edward.reines@weil.com
derek.walter@weil.com
*Attorneys for Defendant NanoString, Inc.*

28