Attachment 17

# Attachment 17A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

10X GENOMICS, INC. and PROGNOSYS
BIOSCIENCES, INC.,

                Plaintiffs,

      v.

NANOSTRING TECHNOLOGIES, INC.,

                Defendant.

C.A. No. 21-cv-653-MFK

## NANOSTRING TECHNOLOGIES, INC.'S MOTION IN LIMINE NO. 2 TO PRECLUDE RELIANCE ON ALLEGED PRE-SUIT KNOWLEDGE

OF COUNSEL:

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

Christopher Pepe (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
christopher.pepe@weil.com

Yi Zhang (admitted *pro hac vice*)
Natalie Kennedy (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Nanostring
Technologies, Inc.*

New York, NY 10153
Tel: (212) 310-8000
yi.zhang@weil.com
natalie.kennedy@weil.com


Dated: October 5, 2023

NanoString moves to preclude Plaintiffs from offering argument, evidence, or testimony regarding alleged pre-suit knowledge of the asserted patents.  Such argument, evidence and testimony is irrelevant, prejudicial and will distract the jury from the actual issues at trial.  There is no dispute that Plaintiffs' pre-suit willfulness and pre-suit indirect infringement claims have been dismissed. 11/17/2021 Minute Order; D.I. 41 (Transcript). Plaintiffs remaining claims for post-suit willfulness and indirect infringement only require knowledge from the complaint onward.  Any implication that NanoString had knowledge of the patents before that date is thus irrelevant to any remaining claim or defense, and has the potential to be highly prejudicial.  Further, the only potential evidence implicating pre-suit knowledge of the asserted patents is tangential at best, such as the circulation of an academic article by the inventor.  None of this was sufficient to actually establish pre-suit notice of the actual patents-in-suit – indeed, Plaintiffs never amended their complaint to allege as much.  Thus, this evidence serves no purpose other than to confuse and mislead the jury by attempting to taint NanoString and should be excluded.

First, there is no dispute that Plaintiffs no longer have claims for pre-suit willfulness or indirect infringement.  To "state a claim of willful infringement to withstand a motion to dismiss, a plaintiff must plausibly allege that the accused infringer deliberately or intentionally infringed a patent-in-suit after obtaining knowledge of that patent and its infringement." *APS Tech, Inc. v. Vertex Downhole, Inc.*, No. 19-cv-1166 (MN), 2020 WL 4346700, at *4 (D. Del. July 29, 2020). NanoString filed a motion to dismiss these allegations specifically because Plaintiffs failed to plead any pre-suit knowledge of the patents or of the alleged infringement sufficient to establish these claims. Judge Noreika granted this motion without prejudice. 11/17/2021 Minute Entry; D.I. 41 (Transcript).  In doing so, the court specifically observed that a notice letter sent one day before

1

the filing of the lawsuit was insufficient (which Plaintiffs also admitted) and noted that the facts pled were unlikely to support a finding of ongoing willfulness. *See* D.I. 41 at 14:3-6; 4:16-22.

Importantly, Plaintiffs never moved to amend to re-plead these pre-suit claims with any further facts. Indeed, despite filing two additional amended complaints, Plaintiffs never amended its pleadings to allege additional facts regarding pre-suit knowledge. Rather, Plaintiffs earliest allegations of knowledge rely on the filing of the Complaint. D.I. 82 ¶ 44 ("NanoString's infringement of the 669 Patent has been since at least May 5, 2021 [filing date], and continues to be willful, deliberate, and in disregard of 10x's patent rights.").

Plaintiffs likely failed to amend because they have no evidence sufficient to show actual pre-suit knowledge of the asserted patents themselves or alleged infringement. Despite this, Plaintiffs exhibit list and deposition designations include evidence with no relevance or purpose other than to attempt to implicate knowledge by NanoString. For example, Plaintiffs pre-trial disclosures indicate they intend to introduce an email and attachment circulated internally at NanoString to the RADAR list serve, a distribution list designed to circulate publications to the science organization related to the general field. (Control No. 2743, 2744; Designations of G. Geiss). One such article distributed was authored by Mark Chee, named inventor. *Id.* There should be no dispute that the article does not reference any of the asserted patents, nor does it reference intellectual property at all. *Id.* Similarly, Plaintiffs included exhibits regarding NanoString employees' knowledge of unrelated patents. (Control No. 2851, 2852). Introduction of such evidence and testimony has no bearing on any element of any remaining claim or defense and should be precluded. *See, e.g., Ioengine, LLC v. Paypal Holdings, Inc.,* Civil Action No. 18-452-WCB, 2022 U.S. Dist. LEXIS 127876, at *32 (D. Del. June 15, 2022) (granting in part motion

2

in limine to preclude evidence allegedly directed to pre-suit knowledge where it was "not clear how any reference" to that evidence, alleged "communications with [defendant's] employee" would "be relevant to any issue in this case.").

The likely prejudice to NanoString of introducing evidence implying pre-suit knowledge far outweighs any ostensible relevance. Indeed, introduction of such evidence may lead the jury to impermissibly impute knowledge to NanoString that it did not have, may invite the jury to speculate as to potential copying or confuse this as evidence of infringement, and may confuse the jury to the extent the evidence concerns technology not at issue.

In conferring on these MILs, Plaintiffs contended that, despite the fact that their pre-suit claims has been dismissed, evidence alluding to pre-suit knowledge could still be relevant to its claims of ongoing willfulness and indirect infringement. However, Plaintiffs have not demonstrated how evidence that was insufficient to support any pre-suit knowledge could somehow be relevant to support post-suit willfulness. *Nexstep, Inc. v. Comcast Cable Communs.*, LLC, Civil Action No. 19-1031-RGA-SRF, 2021 U.S. Dist. LEXIS 177819, at *41 (D. Del. Aug. 20, 2021) ("Plaintiff has not shown how evidence that was found to be insufficient to support pre-suit willfulness can now support a cause of action for post-suit willfulness."); *Cirba Inc. v. VMware, Inc.,* No. 19-742-GBW, 2023 U.S. Dist. LEXIS 72300, at *8 (D. Del. Apr. 18, 2023) (same).  Thus what matters for Plaintiffs claims of ongoing conduct is only what occurs *after* NanoString obtained knowledge of the patents.

For the foregoing reasons, NanoString requests the Court preclude Plaintiffs from offering argument, evidence, or testimony regarding pre-suit knowledge of the asserted patents.

Dated: October 5, 2023

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

Christopher Pepe (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
christopher.pepe@weil.com

Yi Zhang (admitted *pro hac vice*)
Natalie Kennedy (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
yi.zhang@weil.com
natalie.kennedy@weil.com

*Attorneys for Defendant Nanostring Technologies, Inc.*

4

## CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on October 5, 2023, a copy of NanoString

Technologies, Inc.'s Motion in Limine No. 2 to Preclude Reliance on Alleged Pre-Suit Knowledge

was served on the following as indicated:

Via E-Mail
Frederick L. Cottrell, III
Jason J. Rawnsley
Alexandra M. Ewing
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Plaintiffs 10x Genomics, Inc.*
*& Prognosys Biosciences, Inc.*

Via E-Mail
Matthew Powers
Paul Ehrlich
Stefani Smith
Samantha Jameson
Kiley White
TENSEGRITY LAW GROUP LLP
10x_NSTG_Service@tensegritylawgroup.com

*Attorneys for Plaintiffs 10x Genomics, Inc.*
*& Prognosys Biosciences, Inc.*

5

Attachment 17B

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PROGNOSYS BIOSCIENCES, INC., | |
| Plaintiffs, | |
| | C.A. No. 21-cv-653-MFK |
| v. | |
| NANOSTRING TECHNOLOGIES, INC., | |
| Defendant. | |

### PLAINTIFFS' OPPOSITION TO NANOSTRING TECHNOLOGIES, INC.'S MOTION *IN LIMINE* #2: TO PRECLUDE RELIANCE ON ALLEGED PRE-SUIT KNOWLEDGE

*Of Counsel:*

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Samantha Jameson
Ronald J. Pabis
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
Tel: (650) 802-6000

10x_NSTG_Service@tensegritylawgroup.com

Dated: October 10, 2023

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Plaintiffs*

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

NanoString seeks to exclude evidence of its early awareness of and focus on Prognosys's technology immediately preceding NanoString's development of NanoString's accused product. That evidence and testimony, including NanoString's internal circulation of a 2014 article authored by Mark Chee and NanoString's possession of a 2014 Prognosys patent application, is probative of multiple issues in the case. Not only is that evidence relevant to NanoString's willful blindness and post-suit intent to infringe, NanoString has also put at issue the extent to which the industry was aware of Prognosys as a proxy for the value and novelty of Prognosys's intellectual property. NanoString's motion, which is wrong on the law of willfulness and ignores the other reasons to admit the evidence, should be denied.

**A. Pre-suit knowledge is relevant to post-suit willfulness and induced infringement.**

NanoString's motion should be denied because evidence of pre-suit knowledge is relevant to the overarching question of NanoString's intent to infringe post-suit. *See Acceleron, LLC v. Dell Inc.*, No. 1:12-cv-4123-TCB, 2022 WL 1087683, at *11 n.10 (N.D. Ga. Mar. 7, 2022) ("[P]re-suit intent may be considered for post-suit induced infringement"); *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1028 (N.D. Cal. 2017) (presuit copying relevant to show continued conduct supporting willfulness). NanoString ignores the Supreme Court's directive in *Halo* to "eschew any rigid formula for awarding enhanced damages under §284" and instead seeks to create a bright line rule to exclude all pre-suit knowledge evidence as irrelevant for post-suit willfulness and induced infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016). NanoString seeks to exclude evidence concerning NanoString's internal circulation of a 2014 article authored by Mark Chee and NanoString's possession of a 2014 Prognosys patent application. NanoString's internal documents support the inference that NanoString was monitoring Prognosys's technology and knew of or was willfully blind to Prognosys' patents—a fact relevant to Plaintiffs' willfulness and induced infringement claims. NanoString's intent is evaluated by the totality of the evidence.

1

**CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY**

*See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("[T]he requisite intent to induce infringement may be inferred from ***all of the circumstances***."); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (willfulness is judged against the "totality of the circumstances").

For post-suit willfulness, Courts consider not only pre-suit evidence but also pre-patent issuance. *See Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 624 F. Supp. 3d 473, 483 (D. Del. 2022) ("pre-patent conduct may also be used to support a finding of willfulness"); *Idenix Pharm. LLC v. Gilead Scis., Inc.*, C.A. No. 13-1987-LPS, 2016 WL 7380530, at *1 (D. Del. Dec. 4, 2016) ("Nor is the Court persuaded that the law absolutely precludes pre-patent conduct from being probative of willfulness . . . [The] alleged conduct arguably reflects his (and by extension Gilead's) recognition of the value of Idenix's purported invention, as well as his knowledge (at the time of the challenged conduct) of Idenix's pre-patent work").

While liability cannot begin until knowledge of a patent, evidence of intent is not so restricted. *See, e.g., Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2016 WL 10933024, at *6 (S.D. Cal. Mar. 25, 2016) (due to intervening rights, "ATC cannot be liable for any infringement. . . prior to December 8, 2015. . . .Willful conduct that occurred prior to December 8, 2015 remains relevant to [] assertions of willful infringement for the period occurring on or after December 8, 2015"); *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 22-605 (KAJ), D.I. 483 at 52 (D. Del. Aug. 15, 2023) ("no damages are payable on products manufactured and sold before the patent issued" but "pre-issuance conduct can be relevant to the willfulness infringement that occurred after a patent issued").

NanoString's cited cases do not support a bright line rule for excluding all pre-suit evidence. *NexStep* and *Cirba* did not involve motions to exclude but were summary judgment motions where

2

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY

the courts analyzed pre-suit evidence in post-suit willfulness determinations. *See NexStep, Inc. v. Comcast Cable Commc'ns*, LLC, No. 19-1031-RGA-SRF, 2021 WL 4077778, at *14 (D. Del. Aug. 20, 2021) (pre-suit evidence included in "totality of the evidence"); *Cirba Inc. v. VMware, Inc.*, No. 19-742-GBW, 2023 WL 3151852, at *3 (D. Del. Apr. 18, 2023) (evidence insufficient for pre-suit willfulness, no additional post-suit evidence, and defendant removed the accused feature).[1]

## B.  Pre-suit knowledge is relevant to NanoString's arguments on damages and validity

NanoString's motion should be denied for the independent reason that NanoString is challenging the importance of Prognosys's inventions and their impact on those in the industry by introducing testimony that certain individuals were allegedly not aware of Prognosys. NanoString has designated testimony concerning 10x and Spatial Transcriptomics employees' lack of pre-suit knowledge of Prognosys and Prognosys's patents and technology. *See, e.g.*, 9/1/2022 Baumgartner Dep. at 132:13-133:20; 10/27/2022 Schnall-Levin Dep. at 21:18-22:13; 10/20/2022 Rao Dep. at 65:7-19; 66:21-67:10; 5/30/3023 Quackenbush Dep. at 28:6-30:5. The evidence of NanoString's internal focus on Prognosys is relevant to rebut that showing and illustrate the impact in the industry of Prognosys's technology. NanoString cannot on the one hand ask the Court to exclude evidence of its own awareness of Prognosys's inventions while making an issue of others' awareness of the inventions. NanoString's motion to exclude such evidence should be denied even if the evidence were not part of the totality of circumstances supporting a willfulness claim.

---

[1] *Ioengine, LLC v. Paypal Holdings, Inc* is inapposite as the Court's analysis did not include any meaningful discussion of pre-suit or post-suit conduct. Paypal sought exclusion of an inventor's award because of a possible discussion about the invention with another award winner. No. 18-452-WCB, 2022 WL 2800861, at *15 (D. Del. June 15, 2022). The court allowed the award to be introduced for the inventor's background and knowledge but the inventor was "preclude[d] [] from referencing PayPal" as "it is not clear . . . how any reference to communications with an unnamed PayPal employee in the course of describing that award would be relevant to any issue in this case." This is unlike the facts here and in any event, the award was still evidence for other issues.

**CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY**

Respectfully Submitted,

*Of Counsel:*                                         RICHARDS, LAYTON & FINGER, P.A.

TENSEGRITY LAW GROUP LLP                    */s/ Jason J. Rawnsley*
Matthew Powers                                   Frederick L. Cottrell, III (#2555)
Paul Ehrlich                                     Jason J. Rawnsley (#5379)
Stefani Smith                                    Alexandra M. Ewing (#6407)
Robert Gerrity                                   Richards, Layton & Finger, P.A.
Li Shen                                          920 North King Street
555 Twin Dolphin Drive                           Wilmington, DE 19801
Suite 650                                        (302) 651-7700
Redwood Shores, CA 94065                          cottrell@rlf.com
Tel: (650) 802-6000                              rawnsley@rlf.com
                                                 ewing@rlf.com
Samantha Jameson
Ronald J. Pabis                                  *Attorneys for Plaintiffs*
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
Tel: (650) 802-6000

10x_NSTG_Service@tensegritylawgroup.com

Dated: October 10, 2023

4

**CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2023, copies of the foregoing were

served upon the following parties as indicated below:

| | |
|---|---|
| Edward Reines<br>Derek C. Walter<br>Yiqun Zhang<br>Karnik F. Hajjar<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br><br>Christopher Pepe<br>Weil, Gotshal & Manges LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br><br>Natalie C. Kennedy<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br><br><br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>FARNAN LLP<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br><br>***Counsel for NanoString Technologies, Inc.*** | **Via E-mail**<br>Nanostring.10X@weil.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |

*/s/ Alexandra M. Ewing*
Alexandra M. Ewing (#6407)

Attachment 17C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| 10X GENOMICS, INC. and PROGNOSYS BIOSCIENCES, INC., | |
| Plaintiffs, | C.A. No. 21-cv-653-MFK |
| v. | |
| NANOSTRING TECHNOLOGIES, INC., | |
| Defendant. | |

## NANOSTRING TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2 TO PRECLUDE RELIANCE ON ALLEGED PRE-SUIT KNOWLEDGE

OF COUNSEL:

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

Christopher Pepe (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
christopher.pepe@weil.com

Yi Zhang (admitted *pro hac vice*)
Natalie Kennedy (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Nanostring Technologies, Inc.*

New York, NY 10153
Tel: (212) 310-8000
yi.zhang@weil.com
natalie.kennedy@weil.com


Dated: October 12, 2023

Plaintiffs do not dispute they have no evidence of actual pre-suit knowledge of the asserted patents, and thus, no evidence sufficient to state a claim for pre-suit willfulness or indirect infringement. Despite NanoString's production of more than fifty thousand documents and Plaintiffs depositions of ten witnesses, Plaintiffs have uncovered no evidence that NanoString had any awareness whatsoever of the Prognosys patents.  Yet Plaintiffs seek to admit attenuated evidence relating to Prognosys generally and to be permitted to tell the jury that this is "awareness of Prognosys's inventions."  MIL Opp. at 3.  But this limited evidence is far more prejudicial than probative, risking that the jury will believe NanoString has awareness that it did not or acted improperly in the face of it, exposing NanoString to the risk of treble damages.  Even the language in Plaintiffs motion – conflating alleged NanoString awareness of Prognosys "inventions" or "technology" with the awareness of the *patents* – reflects these risks, as there is no such evidence and yet strongly implies NanoString knew of the actual patents and preceded anyway.

None of Plaintiffs cited cases support introduction of such attenuated evidence in support of solely post-suit willfulness or indirect infringement claims. For example, in *Sunoco,* the defendant admitted it knew of the asserted patent at the time of issuance, and inherited a license with the plaintiff.  Likewise in *Abbott,* defendant admitted knowledge at the time of issuance, and there was evidence of copying plaintiff's technology. Nor do any of the cases squarely address the issue here, where Plaintiffs have no claim for pre-suit willfulness or indirect infringement. Plaintiffs' reliance on cases discussing conduct pre-patent issuance are not applicable, as those cases involve knowledge coinciding with issuance, which NanoString did not have here.

Plaintiffs' assertion that pre-suit awareness of Prognosys generally is relevant is likewise off base.  Plaintiffs will have ample opportunity to establish Prognosys and its alleged industry reputation. This does not justify the introduction of prejudicial evidence to NanoString.

1

Dated: October 12, 2023

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

Christopher Pepe (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
christopher.pepe@weil.com

Yi Zhang (admitted *pro hac vice*)
Natalie Kennedy (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
yi.zhang@weil.com
natalie.kennedy@weil.com

*Attorneys for Defendant Nanostring Technologies, Inc.*

2

## CERTIFICATE OF SERVICE

I, Brian E. Farnan, hereby certify that on October 12, 2023, a copy of NanoString

Technologies, Inc.'s Reply in Support of Motion in Limine No. 2 to Preclude Reliance on Alleged

Pre-Suit Knowledge was served on the following as indicated:

Via E-Mail
Frederick L. Cottrell, III
Jason J. Rawnsley
Alexandra M. Ewing
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for Plaintiffs 10x Genomics, Inc.*
*& Prognosys Biosciences, Inc.*

Via E-Mail
Matthew Powers
Paul Ehrlich
Stefani Smith
Samantha Jameson
Kiley White
TENSEGRITY LAW GROUP LLP
10x_NSTG_Service@tensegritylawgroup.com

*Attorneys for Plaintiffs 10x Genomics, Inc.*
*& Prognosys Biosciences, Inc.*

3