**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 10X GENOMICS, INC. and<br>PROGNOSYS BIOSCIENCES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 21 C 653 |
| | ) | |
| BRUKER SPATIAL BIOLOGY,<br>INC. and BRUNER NANO, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------- | ) | |
| 10X GENOMICS, INC. and<br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 22 C 261 |
| | ) | |
| BRUKER SPATIAL BIOLOGY,<br>INC. and BRUNER NANO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO SUBSTITUTE OR JOIN

In Case No. 21 C 653, 10x Genomics, Inc. and Prognosys Biosciences, Inc. (collectively 10x) sued NanoString Technologies, Inc. for infringement of several patents. 10x's infringement claims involve NanoString's GeoMx products. The case went to trial in November 2023. A jury found the patents valid and infringed and awarded 10x damages against NanoString totaling about $31.6 million. NanoString filed a post-trial motion for judgment as a matter of law or for a new trial; 10x filed a

post-trial motion seeking supplemental damages, enhanced damages, and a permanent injunction.  The motions were fully briefed as of January 31, 2024.

In Case No. 22 C 261, 10x and the President and Fellows of Harvard College (Harvard) sued NanoString for infringement of several patents.  The plaintiffs' claims involve NanoString's CosMx products.  The case proceeded through discovery and claim construction, and it was set for trial in September 2024.

NanoString filed for Chapter 11 bankruptcy in early February 2024, and accordingly the Court stayed both of the patent infringement cases and vacated the trial date in Case No. 22 C 261.

In April 2024, an auction of the assets and liabilities of NanoString and other related entities was held in the bankruptcy case.  Bruker Corp. won the auction and entered into an asset purchase agreement with NanoString.  In the agreement, Bruker Corp. agreed to assume certain of NanoString's liabilities, including any liabilities in the two lawsuits.

The asset purchase agreement also allowed Bruker Corp. to assign the acquired rights and obligation to affiliated entities.  The agreement stated, however, that "no such assignment shall relieve [Bruker Corp.] of its obligations hereunder and [Bruker Corp.] shall in all cases remain responsible for all such obligations."  Asset Purchase Agr. § 9.6.2.

Bruker Corp. assigned its right to acquire the relevant NanoString assets and liabilities to a subsidiary, Bruker Spatial Biology, Inc. (Bruker Spatial).  The bill of sale transferred the assets and liabilities directly to Bruker Spatial, not to Bruker Corp.  Bruker Spatial now operates the relevant portions of NanoString's business.

The parties to the two lawsuits agreed to substitute Bruker Spatial and another entity, Bruker Nano, Inc., in place of NanoString.  The plaintiffs in the two cases took the position that Bruker Corp. should also be named as a defendant, but Bruker Corp. disagreed.  The plaintiffs have now filed a motion to add Bruker Corp. as a defendant in both cases.  It is noteworthy in this regard that Bruker Corp. proposed to the plaintiffs that it would enter into an agreement reconfirming its commitment in the bankruptcy case to remain responsible for any judgments in the two cases if the named defendants were unable to satisfy any such judgments.  The plaintiffs did not take Bruker Corp. on this but instead filed a motion in each case seeking to add Bruker Corp. as a defendant.

The plaintiffs seek to add Bruker Corp. on two grounds:  under Federal Rule of Civil Procedure 25(c), on the basis that it is effectively a transferee of NanoString's interest in both cases; and under Federal Rule of Civil Procedure 19, on the basis that Bruker Corp. is independently liable.

The Court overrules the plaintiffs' contention that Bruker Corp. should be added under Rule 19 based on its own purported infringement or inducement of infringement. The plaintiffs seem to contend, first, that Bruker Corp. is liable because it has enabled Bruker Spatial and Bruker Nano to make, use, sell, and market the accused technologies.  The plaintiffs offer no authority, however, that an entity's mere status as a parent of an infringing entity is, without more, is enough to impose liability for patent infringement.  The plaintiffs also contend that Bruker Corp. has, since the acquisition, engaged in infringement or inducement of infringement on its own.  But the plaintiffs have not offered a proposed amended complaint, signed pursuant to Rule 11, that

alleges any factual basis for Bruker Corp.'s (as opposed to Bruker Spatial's and/or Bruker Nano's) liability on this basis.

The Court agrees with the plaintiffs, however, that Bruker Corp. is appropriately added as a successor in interest to NanoString, pursuant to Rule 25(c). When it entered into the asset purchase agreement following the bankruptcy court-sponsored auction, Bruker Corp. expressly agreed that it would remain responsible for the assumed liabilities even if it assigned its rights under the asset purchase agreement to another entity. Bruker Corp. has confirmed in its filings with the Court that this is in fact so. There is no good reason why the plaintiffs—if their recovery in Case No. 21 C 653 survives post-trial motions and/or if they obtain a judgment in Case No. 22 C 261— should have to jump through extra hoops post-judgment to obtain the recovery that Bruker Corp. has promised to stand behind.

## Conclusion

For the reasons stated above, the Court grants in part plaintiffs' motion to substitute or join (Case No. 21 C 653, dkt. no. 350; Case No. 22 C 261, dkt. no. 292). Bruker Corp. is added as a defendant in both Case No. 21 C 653 and Case No. 22 C 261 as a successor in interest to former defendant NanoString Technologies, Inc.

Date: August 5, 2024

_____
MATTHEW F. KENNELLY
United States District Judge