IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PROGNOSYS BIOSCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP., <br><br> Defendant. | **PUBLIC VERSION** <br><br> C.A. No. 21-cv-653-MFK |

### JOINT STATUS REPORT

As directed by the Court's Oral Order (D.I. 375) entered on January 8, 2025, Plaintiffs 10x Genomics, Inc. and Prognosys Biosciences, Inc. ("Plaintiffs") and Defendants Bruker Spatial Biology, Inc., Bruker Nano, Inc., and Bruker Corp. ("Bruker") submit this Joint Status Report regarding the January 23 evidentiary hearing.

**A.   The Parties' Positions Regarding Logistics of Presentation at the Hearing**

The parties present below their respective positions regarding the ordering of events at the January 23 hearing. The parties of course will structure their presentations in whatever manner the Court prefers.

**1.   Plaintiffs' Proposal:**

Plaintiffs propose that the parties address the four identified disputes in Section C (below) on a dispute-by-dispute basis either in the order 1-4 proposed below or in such other order as the Court prefers. Because Bruker is the party seeking relief from or modification of the proposed orders Plaintiffs already provided in Plaintiffs' post-trial briefing, Plaintiffs propose that for each dispute Bruker will present its witnesses and argument first and Plaintiffs will then respond with

1

Plaintiffs' witnesses and argument. This approach will put each witness's testimony into the context of the relevant dispute.

### 2. Bruker's Proposal:

Bruker proposes the Court hear all witness testimony first, followed by attorney argument on all four issues. This will be the most streamlined presentation of evidence, with each witness taking the stand once to provide testimony relevant for all disputed issues. In contrast, Plaintiffs' proposal would require witnesses to get on and off the stand multiple times and wait as the attorneys argue each issue. This proposal would substantially increase the burden on witnesses, especially on Bruker's two scientist witnesses who are third parties volunteering their time to testify. Particularly, one of Bruker's witnesses is a physician-researcher at Northwestern Medical School who would have to cancel appointments under Plaintiffs' proposal. It is also less efficient as some testimony applies to multiple issues.

### B. Witnesses

Bruker intends to call three witnesses who will each testify for approximately 20-30 minutes, seeking to be as concise as possible, including:

- Dr. Parambir Dulai, a professor at Northwestern Medical School;
- Dr. Gordon Mills, the Director of Precision Oncology at the Knight Cancer Institute of Oregon Health & Science University; and
- Beth Nye, the Senior VP of Sales and Customer Experience at Bruker.

10x intends to call Dr. Peter Smibert, Vice President of Biology at 10x Genomics who will testify for approximately 15-30 minutes regarding dispute 2 below and for approximately 15-30 minutes regarding dispute 3 below.

The parties agree on approximately 10-20 minutes of cross-examination per witness, based on the proposed lengths of direct examinations.

### C. Disputes to Be Addressed

Subject to the Court's approval, the parties agree to address the following disputes at the January 23 hearing:

### 1. The rate to be applied for calculating the lost profits portion of supplemental damages for inclusion in the final judgment

For purposes of calculating supplemental and other damages and interest for the final judgment, Bruker provided an updated accounting and Plaintiffs' economic expert Julie Davis provided updated calculations through January 10, 2025. The parties still dispute whether supplemental lost profits damages should be calculated using a 61.2% rate (as Plaintiffs propose, D.I. 373 at 2-3) or using a rate based on 75% of 10x's Visium profit margins during the supplemental damages period (as Bruker proposes, D.I. 373 at 4). Julie Davis calculated the amounts under each of these approaches and the parties have agreed to stipulate to the admissibility and accuracy of those calculations so that neither party needs to present an economic expert at the January 23 hearing. Ms. Davis's updated calculations are attached here as **Exhibit 1**.

If the Court resolves the dispute regarding the lost profits rate to be applied and identifies the date by which the Court expects to enter final judgment, the parties expect to reach agreement on a form of final judgment by adjusting Ms. Davis's calculations (which in Exhibit 1 are made through January 10) to extend to the date of final judgment.

The parties propose to present attorney argument of approximately 5 minutes per side regarding the lost profits rate to be applied (or more if helpful to the Court). The parties do not propose to call any witnesses regarding this dispute.

### 2. The ongoing royalty rate that should apply to any infringing acts carved out from the injunction order

The parties continue to dispute whether infringing sales carved out from the injunction order should be subject to at least a 25% ongoing royalty (as Plaintiffs propose, D.I. 373 at 5-6) or no more than a 12.5% royalty (as Bruker proposes, D.I. 373 at 6-7).

The parties propose to present attorney argument of approximately 5 minutes per side (Plaintiffs' proposal) or 10 minutes per side (Bruker's proposal) regarding this dispute (or more if helpful to the Court).

Bruker proposes to present as a witness Beth Nye (Senior Vice President of Sales and Customer Experience at Bruker Spatial) to provide testimony relevant to this dispute. Bruker proposes approximately 20-30 minutes of direct testimony from Beth Nye in total across all issues. Although Plaintiffs have not had the opportunity to take any discovery regarding this proposed testimony, Plaintiffs estimate approximately 20 minutes for cross examination if Ms. Nye presents 30 minutes of direct testimony.

Plaintiffs propose to present as a witness Dr. Peter Smibert to also provide testimony relevant to this dispute. Plaintiffs propose approximately 15-30 minutes of direct testimony from Dr. Peter Smibert. Bruker estimates approximately 10-20 minutes for cross examination if Dr. Peter Smibert presents 15-30 minutes of direct testimony.

### 3. The language that should be used in the injunction order to define the carve out for ongoing research

The parties continue to dispute the scope and wording of the carve out for ongoing research to be included in the injunction order (Plaintiffs' positions are discussed at D.I. 373 at 7-9 and 11-13, and Bruker's positions are discussed at D.I. 373 at 9-11 and 13-14). Plaintiffs' Proposed Injunction Order was filed as D.I. 373-4.

The parties propose to present attorney argument of approximately 5 minutes per side (Plaintiffs' proposal) or 15 minutes per side (Bruker's proposal) regarding this dispute (or more if helpful to the Court).

Bruker proposes to present relevant testimony from Beth Nye, Dr. Parambir Dulai, and Dr. Mills. Although Plaintiffs have not had the opportunity to take any discovery regarding this proposed testimony, Plaintiffs estimate approximately 15-20 minutes for cross examination for each of these witnesses if each witness presents 20-30 minutes of direct testimony.

Plaintiffs propose to present as a witness Dr. Peter Smibert to also provide testimony relevant to this dispute. Plaintiffs propose approximately 15-30 minutes of direct testimony from Dr. Peter Smibert. Bruker estimates approximately 10-20 minutes for cross examination if Dr. Peter Smibert presents 15-30 minutes of direct testimony.

### 4. How the sale of GeoMx consumables to customers outside the United States should be handled in the injunction order

The parties continue to dispute whether Bruker's future sales of GeoMx consumables to customers outside of the United States should be subject to the determined ongoing royalty rate (as Plaintiffs propose, D.I. 373 at 14-15 and at D.I. 373-3 [Proposed Injunction Order] at 3-4, or as Bruker proposes, D.I. 373 at 15-16).

The parties propose to present attorney argument of approximately 5 minutes per side regarding this dispute (or more if helpful to the Court). The parties do not propose to call any witnesses regarding this dispute.

### D. Bruker's Proposal to Address Whether the Injunction Should Be Stayed Pending Appeal, and Whether the Bond Requirement Should Be Waived

Bruker proposes, if helpful to the Court, to present argument that entry of the injunction should be stayed pending appeal and that Bruker should not be required to post a bond pending appeal. Plaintiffs oppose presenting argument on these points at the January 23 hearing because

5

this Court already overruled Bruker's request to stay entry of an injunction and invited Bruker to file a separate motion regarding the posting of a bond (D.I. 370 at 31, n.3), and Bruker has not filed a motion for reconsideration or a motion to waive the bond requirement.

### 1. Plaintiffs' Position:

Bruker already requested and briefed its request that this Court stay entry of any injunction or other post-trial relief until after Bruker's contemplated appeal. D.I. 327 at 1-6. Plaintiffs opposed. D.I. 332 at 8-9. And in this Court's Order regarding post-trial motions, this Court "overrule[d]" Bruker's request to stay entry of post-trial relief including the injunction and invited Bruker to raise the question of waiver of the bond requirement "by way of a separate motion." D.I. 370 at 31, n.3. Because Bruker has not filed (and thus the parties have not briefed) a motion for reconsideration of the Court's Order overruling the request to stay entry of the injunction or a motion for waiver of the bond requirement, it would be premature to present any argument on these issues at the January 23 hearing.

### 2. Bruker's Position:

Depending on the Court's rulings, Bruker intends to orally move to stay the injunction pending appeal, as the Court made clear that it wanted to resolve all disputed post-trial matters at the hearing. The parties already discussed Bruker's positions issues during a meet and confer. The relevant factual disputes overlap with the other issues requiring testimony at the hearing. Permitting 15 minutes of argument per side will efficiently resolve this matter, without requiring weeks of additional briefing and an additional request for an interim administrative stay.

Bruker will also ask the Court to waive any bond requirement because Bruker's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. Bruker does not understand Plaintiffs to dispute the publicly available financial information about Bruker as a public company with several billion dollars in revenue for 2024.

Respectfully Submitted,

| RICHARDS, LAYTON & FINGER, P.A. | FARNAN LLP |
|---|---|
| */s/ Jason J. Rawnsley* | */s/ Brian E. Farnan* |
| Frederick L. Cottrell, III (#2555) | Brian E. Farnan (Bar No. 4089) |
| Jason J. Rawnsley (#5379) | Michael J. Farnan (Bar No. 5165) |
| Alexandra M. Ewing (#6407) | 919 N. Market St., 12th Floor |
| Gabriela Z. Monasterio (#7240) | Wilmington, DE 19801 |
| 920 North King Street | (302) 777-0300 |
| Wilmington, DE 19801 | (302) 777-0301 (Fax) |
| (302) 651-7700 | bfarnan@farnanlaw.com |
| cottrell@rlf.com | mfarnan@farnanlaw.com |
| rawnsley@rlf.com | |
| ewing@rlf.com | |
| monasterio@rlf.com | |

*Of Counsel*:

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha Jameson
Ronald J. Pabis
Kiley White
Joanna R. Schacter
1676 International Drive
Suite 910
McLean, VA 22102-3848
Tel: (650) 802-6000
10x_NSTG_Service@tensegritylawgroup.com

*Attorneys for Plaintiffs 10x Genomics, Inc. and Prognosys Biosciences, Inc.*

Dated: January 17, 2025

*Of Counsel*:

WEIL, GOTSHAL & MANGES LLP
Edward R. Reines
Derek C. Walter
Karnik F. Hajjar
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Christopher Pepe
Amanda K. Branch
2001 M Street NW, Suite 600
Washington, DC 20036

Eric S. Hochstadt
Natalie C. Kennedy
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
Nanostring.10X@weil.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Courtland L. Reichman
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
creichman@reichmanjorgensen.com

Sarah Jorgensen
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (202) 894-7310
sjorgensen@reichmanjorgensen.com

Christine E. Lehman
Adam Adler
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
clehman@reichmanjorgensen.com
aadler@reichmanjorgensen.com

Savannah H. Carnes
100 Marine Parkway, Suite 300 Redwood Shores, California 94065
Telephone: (202) 894-7452
scarnes@reichmanjorgensen.com

*Attorneys for Defendants Bruker Spatial Biology, Inc. and Bruker Nano, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 17, 2025, copies of the foregoing were served upon the following parties as indicated below:

| | |
|---|---|
| Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>FARNAN LLP<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>WEIL, GOTSHAL & MANGES LLP<br>Edward R. Reines<br>Derek C. Walter<br>Karnik F. Hajjar<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000<br><br>Christopher Pepe<br>Amanda K. Branch<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br><br>Eric S. Hochstadt<br>Natalie C. Kennedy<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Nanostring.10X@weil.com<br><br>REICHMAN JORGENSEN LEHMAN &<br>FELDBERG LLP<br>Courtland L. Reichman<br>100 Marine Parkway, Suite 300<br>Redwood Shores, California 94065<br>Telephone: (650) 623-1401<br>Fax: (650) 623-1449<br>creichman@reichmanjorgensen.com<br><br>Sarah Jorgensen | **Via E-mail**<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br>edward.reines@weil.com<br>derek.walter@weil.com<br>karnik.hajjar@weil.com<br>August.Melcher@weil.com<br>amanda.branch@weil.com<br>christopher.pepe@weil.com<br>kristin.sanford@weil.com<br>eric.hochstadt@weil.com<br>Natalie.Kennedy@weil.com<br>Nanostring.10X@weil.com<br>creichman@reichmanjorgensen.com<br>scarnes@reichmanjorgensen.com<br>sjorgensen@reichmanjorgensen.com<br>clehman@reichmanjorgensen.com<br>aadler@reichmanjorgensen.com<br>paul.clement@clementmurphy.com<br>harker.rhodes@clementmurphy.com |

| | |
|---|---|
| 1201 West Peachtree Street, Suite 2300<br>Atlanta, GA 30309<br>Telephone: (202) 894-7310<br>sjorgensen@reichmanjorgensen.com<br><br>Christine E. Lehman<br>Adam Adler<br>1909 K Street, NW, Suite 800<br>Washington, DC 20006<br>Telephone: (202) 894-7310<br>clehman@reichmanjorgensen.com<br>aadler@reichmanjorgensen.com<br><br>Savannah H. Carnes<br>100 Marine Parkway, Suite 300 Redwood Shores, California 94065<br>Telephone: (202) 894-7452<br>scarnes@reichmanjorgensen.com<br><br>CLEMENT & MURPHY PLLC<br>Paul D. Clement<br>C. Harker Rhodes IV<br>706 Duke St.<br>Alexandria, VA 22314<br>(202) 742-8900<br>paul.clement@clementmurphy.com<br>harker.rhodes@clementmurphy.com<br><br>***Counsel for Defendants Bruker Spatial Biology, Inc., Bruker Nano, Inc., and Bruker Corp.*** | |

                                                        */s/ Gabriela Z. Monasterio*
                                                        Gabriela Z. Monasterio (#7240)